# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2771 | **DATE** | 10/28/2002 |
| **CASE TITLE** | ROBERT FAIT vs. ALBERT HUMMEL, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' bill of costs [132-1] is granted in part. Defendants are awarded $10,298.66 ($7,643.76 in transcript costs and court reporter attendance fees, $180.00 for subpoena service expenses, $360.00 for witness attendance, $1,912.50 in expert witness fees, and $202.40 for copying costs). ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 30 2002 date docketed | 142 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Mail AO 450 form. | | 10/28/2002 |
| | Copy to judge/magistrate judge. | 02 OCT 29 AM 9:59 | date mailed notice |
| CB courtroom deputy's initials | | Date/time received in central Clerk's Office | pw mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT FAIT )
)
Plaintiff, ) No. 01 C 2771
)
v. ) Suzanne B. Conlon, Judge
)
ALBERT HUMMEL, et al. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Robert Fait sued Albert Hummel, James Lumsden, Howard Myles, FF-Pentech, L.P., and Pentech Investors, LLC (collectively, "defendants") over an offering of Pentech Pharmaceuticals, Inc. common stock. After a bench trial, judgment was entered in favor of defendants. *Fait v. Hummel*, 2002 WL 458968 (N.D. Ill. 2002). Defendants now seek $53,666.52 in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

## DISCUSSION

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case;

1

(5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In their bill of costs, defendants seek costs incurred for court reporter fees, witness attendance, copying, and telephone charges.

## A. Court Reporter Fees

Defendants seek to recover $15,733.37 in deposition and trial transcript fees, including original transcripts, transcript copies, expedited transcripts, condensed transcripts, court reporter attendance fees, ASCII disks, deposition exhibits, signature procurement, Min-U-Scripts, email transcripts, and a videotaped deposition. In evaluating a bill of costs, the court must determine whether (1) the expenses are allowable under § 1920, and (2) the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Under 1920(2), the court may tax transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Fait does not challenge defendants' need for the transcripts outlined in the bill of costs. Therefore, the court will not address whether the costs were necessary.

Where an award of deposition costs is appropriate, the Judicial Conference has established $5.00 as the rate per page for a daily transcript, $4.00 for an expedited transcript, $3.00 for an original transcript, and $.75 for a transcript copy. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998), *citing VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual*, ch. 20, pt. 20.3 (1998). Defendants failed to provide the number of pages for the deposition transcripts of Niazi, Frantz, Lumsden, Ronsen, May, and Hummel. Without this information, the court cannot assess the reasonableness of the expenses and is unable to award costs for these depositions. *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 31176068, at *2, n.1 (N.D. Ill. 2002), *citing Barnett v. City of Chicago*, 1999 WL 138813, at

2

*9 (N.D. Ill. 1999) (citations omitted) (costs refused for transcripts in the absence of documentation concerning the number of pages).

Defendants fail to justify costs for daily and expedited transcripts. Absent any explanation why daily and expedited transcripts were necessary, defendants are only entitled to the $3.00 per-page rate for original deposition transcripts. *Chamberlain Group, Inc.*, 2002 WL 31176068, at *1; *Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D. Ill. 2002); *Alsaras v. Dominick's Finer Foods, Inc.*, 2001 WL 1117275, at *2 (N.D. Ill. 2001).

In addition to their original or copied transcript costs, defendants seek costs for video recording, condensed transcripts, Min-U-Scripts, ASCII disks, email or electronic copies, and deposition exhibit copies. Defendants may not recover for videotapes when a transcript was also purchased. *Liquid Dynamics Corp. v. Vaughan Company, Inc.*, 2002 WL 31207212, at *2 (N.D. Ill. 2002), *citing Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (costs for videotaping a deposition may be awarded in lieu of costs for a stenographic transcript). Defendants fail to justify that their condensed transcripts, Min-U-Scripts, ASCII disks, and email or electronic copies were reasonable and necessary, rather than merely convenient. *See Ochana*, 206 F.Supp.2d at 945 ("Costs for condensed transcripts are not recoverable"), *citing Winery v. City of Chicago*, 2000 WL 1222152, at *2 (N.D. Ill. 2000); *Antonson v. United Armored Services, Inc.*, 2002 WL 908424, at *2 (N.D. Ill. 2002) (ASCII diskette costs not recoverable), *citing Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 946 (7th Cir.1997); *Davis v. Teamsters Local Union No. 705*, 2002 WL 1359401, at *3 (N.D. Ill. 2002), *citing Smith v. Teamsters Local 705*, 1998 WL 887086, at *4 (N.D. Ill. 1998) (Min-U-Scripts and ASCII disks incurred merely for convenience of attorneys). Similarly, the court denies costs associated with deposition exhibit copies unless the costs are essential to understanding

an issue in the case. *Antonson*, 2002 WL 908424, at *2. Defendants provide nothing to indicate an essential need. The court declines to award defendants these additional costs.

Defendants include charges for shipping and delivery. Under the Judicial Conference guidelines, postage or delivery costs are ordinary business expenses and may not be charged in relation to obtaining transcripts. *Antonson*, 2002 WL 908424, at *2, *citing VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual*, ch. 20, pt. 20.9.4; *see also Davis*, 2002 WL 1359401, at *3, *citing Smith*, 1998 WL 887086, at *4 (delivery charges incurred merely for the convenience of the attorneys). Defendants' shipping and delivery charges are denied. Defendants also seek costs associated with signature procurement and account services fees, but fail to establish that these costs were reasonable and necessary rather than merely convenient. Consequently, the court denies these additional costs.

Hummel may recover court reporter attendance fees as part of the reasonable and necessary costs in obtaining a deposition transcript under § 1920(2). *Chamberlain Group, Inc.*, 2002 WL 31176068, at 3, *citing Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Attendance fees and transcript costs are awarded as follows:

| Deponent | Pages | Cost Per Page | Attendance Fee | Total |
|---|---|---|---|---|
| Sarfarez Niazi (original) | - | - | $308.75 | $308.75 |
| Joseph Riccardo (copy) | 94 | $0.75 | - | $70.50 |
| John Curran (copy) | 80 | $0.75 | - | $60.00 |
| Gregory Zaic (copy) | 238 | $0.75 | - | $178.50 |
| Melvin Sharoky (expedited) | 140 | $3.00 | - | $420.00 |
| Angelo Malahias (expedited) | 81 | $3.00 | - | $243.00 |

| Ragab El-Rashidy (original) | 168 | $3.00 | $170.00 | $674.00 |
|---|---|---|---|---|
| Robert Fait (original) | 299 | $3.00 | $297.50 | $1,194.50 |
| Howard Myles (copy) | 201 | $2.25 | - | $452.25 |
| Richard May (original) | 88 | $3.00 | $106.25 | $370.25 |
| **Trial Transcripts**[1] | | | | |
| Invoice No. 2001125 | 22 | $3.00 | - | $66.00 |
| Invoice No. 2001129 | 751 | $3.00 | - | $1,126.50 |
| | 2253 | $0.75 | - | $844.88 |
| Invoice No. 2001133 | 451 | $3.00 | - | $676.50 |
| | 1804 | $0.75 | - | $676.50 |
| | 751 | $0.75 | - | $281.63 |
| **TOTAL COSTS AWARDED** | | | | $7,643.76 |

**B. Witness Attendance**

**1. Subpoena Service Cost**

Defendants seek $513.75 for costs incurred in serving four subpoenas. Section 1920(1) authorizes fees for service of subpoenas. *Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). Fees cannot exceed amounts charged by the U.S. Marshal Service. *Id.* at 1060. The U.S. Marshal Service charges $45.00 per hour and $0.365 per mile. Defendants' invoices do not indicate how long service took or the mileage associated with the service. Therefore, the court awards the $45.00 minimum charged by the U.S. Marshal's Service for each subpoena served, for a total of $180.00. *Chamberlain Group, Inc.*, 2002 WL 31176068, at *3.

---

[1]The parties agreed to split the costs for invoice numbers 2001129 and 2001133. The total costs awarded for those transcripts are thus halved.

## 2. Witness Fees

### 1. Attendance

Defendants seek $447.63 for costs of obtaining the attendance of seven witnesses for deposition and trial. Section 1920(3) authorizes witness fees. 28 U.S.C. 1920(3). Payment to a witness may not exceed $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). A witness in attendance in court or before any person authorized to take their deposition shall be paid an attendance fee for each day's attendance. 28 U.S.C. § 1821(b); *Robinson v. Burlington Northern Railroad Co* ., 963 F.Supp. 691, 693 (N.D. Ill. 1997). Defendants provide no evidence of mileage to support a mileage award. Therefore, recovery for witness appearance fees is limited to $40.00 per witness or a total of $360.00.

### 2. Travel and Lodging

Under 28 U.S.C. § 1821(b),(c), defendants may recover for reasonable travel expenses and subsistence charges in addition to the $40.00 appearance fee. Defendants seek $11,835.03 in witness travel expenses and subsistence charges. It is well-settled that Hummel, Lumsden, and Myles, as parties to the case, may not collect witness fees or travel and subsistence expenses. *Phillips v. Bartoo*, 161 F.R.D. 352, 354 (N.D. Ill. 1995), *citing Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Defendants also seek travel and subsistence costs for Robert Friedman. Under § 1821(c)(1), "a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." 28 U.S.C. § 1821(c)(1). Section 1821 limits the recoverable *per diem* costs for subsistence. However, the court cannot determine the reasonableness of Friedman's transportation and lodging expenses because his invoice does not indicate the number of nights spent or meals consumed while in Chicago. Further, his transportation

6

cost of $2,342.00 does not identify the means or frequency of transportation. Consequently, the court denies costs for transportation and subsistence.

### 3. Expert Witnesses

Defendants seek $17,510.00 in fees charged by their expert witness for time spent in deposition as well as time spent preparing for deposition. A prevailing party seeking reimbursement for fees paid to its own expert witness may not use Rule 54(d) to exceed the $40.00 per day witness fee limitation. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). However, expert fees in excess of the $40.00 per day limit are recoverable pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i). *Chambers v. Ingram*, 858 F.2d 351, 360 (7th Cir. 1988). Rule 26(b)(4)(c) provides that "[u]nless manifest injustice would result, (i) the court shall require the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. . . ." Fed. R. Civ. P. 26(b)(4)(C)(i).

#### a. Deposition Time

Defendants seek $1,912.50 for time spent by their expert (4.5 hours at $425.00 per hour) attending his deposition. Fait argues that the expert's fee to attend his deposition was excessive, unnecessary, and not recoverable in excess of $40.00. In determining the reasonableness of an expert's fee, the court may consider: (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *McClain v. Owens-Corning Fiberglas Corp.*, 1996 WL 650524, at *3 (N.D. Ill. 1996). In addition, the court

7



may consider: (1) the fee actually charged the party who retained the expert; and (2) fees traditionally charged by the expert on related matters. *Id.* Because the parties offer no evidence to support their positions, the court may use its discretion in determining the reasonableness of the expert's fee. *Id.* at *5.

The expert, Richard C. May, is the president of Valumetrics, a financial advisory firm to middle market and small publicly held companies. Trial tr. at 1085. May holds B.S. and M.S. degrees in management. *Id.* at 1087-88. May worked in corporate production control and operations, and began Valumetrics in 1980. *Id.* at 1087-88. He has been qualified to offer expert opinion nine times in federal and state court. *Id.* at 1089. He obtained professional certification in business valuation, and has published nine articles in connection with business valuation. *Id.* at 1091. May's retainer fee was that which Valumetrics customarily charges for retention. *Id.* at 1094. In researching Pentech, May analyzed projected future revenues, the expected rates of return by individual investors, expected future cash flows, and net losses. *Id.* at 1102-03. Given May's expertise in valuation, his education and experience, the customary fees associated with corporate valuation, and the relative complexity of his research, the court finds his $425.00 per-hour rate is reasonable. Accordingly, defendants are awarded $1,912.50 ($425.00 x 4.5) for May's deposition time.

### b. Deposition Preparation Time

Defendants seek $15,597.50 in costs for 36.7 hours of deposition preparation time for May. Costs for deposition preparation are generally not awarded except in complex cases where experts must review voluminous documents. *McClain*, 1996 WL 650524, at *3. May's invoice describes his deposition preparation sessions as "Plan for trial," "New report," "Work on arbitration," "Report

preparation," and "Report issues." Defs. Bill of Costs, Ex. E. Defendants do not indicate the number or type of documents that May was required to review in preparation specifically for his deposition. In the absence of a detailed affidavit explaining the appropriateness of his time spent specifically for deposition preparation, the court denies costs of May's purported 36.7 hours preparation time.

### D. Copying Costs

Defendants seek $5,825.87 for copies of document discovery and trial exhibits and $506.00 for copies of documents filed with the court. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda; however, extra copies for the convenience of the attorneys are not necessary and are not taxed as costs." *Baxter Int'l, Inc. v. McGaw, Inc.*, 1998 WL 102668, at *1 (N.D. Ill. 1998).

Defendants' documentation for its deposition and trial exhibits does not identify the documents copied. Although defendants are not required "to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," they "[are] required to provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Defendants' counsel submitted an affidavit averring that the costs incurred were fair, reasonable, and necessary. This conclusory assertion does not aid the court in assessing the propriety of taxing the claimed deposition and trial exhibit costs. *MI-Jack Products v. International Union of Operating Engineers*, 1996 WL 139249, at *2 (N.D. Ill. 1996) ("Generally, conclusory assertion that copying costs were

necessary are not convincing"). The court cannot award defendants' copying costs without some confidence that the costs are properly recoverable. Defendants' invoices describe the per-page rate and total price, but in the absence of a more detailed affidavit or some other reliable verification that the copied documents were necessary to presenting evidence to the court, the court declines to tax defendants' deposition and trial exhibit costs. *Mortenson v. National Union Fire Ins. Co.*, 2000 WL 347766, at *1 (N.D. Ill. 2000).

Defendants properly document their request for costs associated with copying pleadings, motions, and briefs filed with the court. Defendants indicate a filing date, description of the document, number of pages, price per page, and total cost. The price per page of $0.20 is reasonable. *See Davis v. Teamsters Local Union No. 705*, 2002 WL 1359401, at *4 (N.D. Ill. 2002) (copying cost of $0.20 per page reasonable); *Figueroa v. City of Chicago*, 2000 WL 1036019, at *2 (N.D.Ill. 2000) (judges in the Northern District have found $0.20 per page reasonable). Nevertheless, defendants may only recover costs for two copies submitted to the court and one copy submitted to opposing counsel. *Alsaras v. Dominick's Finer Foods, Inc.*, 2001 WL 1117275, at *2 (N.D. Ill. 2001), *citing McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Defendants submitted one copy of pleadings to the court and one copy to opposing counsel. Therefore, defendants are entitled to $202.40 (two sets of copies, 506 pages each, $0.20 per page).

### E. Telephone Charges

Defendants seek to recover $1,294.87 in telephone charges. Fait argues that telephone charges are out-of-pocket expenses and not taxable costs. It is unclear whether telephone charges are recoverable. *See McClain v. Owens-Corning Fiberglas Corp.*, 1996 WL 650524, at * 6 (N.D. Ill. 1996), *citing Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993) (fully documented telephone

charges recoverable under § 1920); *but see Mihailovich v. Laatsch*, 2002 WL 91897, at 4 (N.D. Ill. 2002), *citing Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir.1975) (telephone charges not recoverable); *International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, 1998 WL 895557, at *2 (N.D. Ill. 1998) (No provision of 28 U.S.C. § 1920 allows for telephone expenses to be taxed), *citing Crawford*, 482 U.S. at 437-38 (district courts may not enlarge the costs thoughtfully legislated by Congress in 28 U.S.C. § 1920). The court need not determine whether defendants' telephone charges are recoverable under § 1920 because the costs are not sufficiently detailed. Defendants' list of charges does not provide the court sufficient information to determine whether the calls were reasonably necessary to the case. Consequently, costs for telephone charges are denied.

October 28, 2002

ENTER:

Suzanne B. Conlon
United States District Judge